Berkemeyer, Appellant, vs. Milwaukee Automobile In-
surance Company, Limited, Mutual, and another,
Respondents.

*January 12—February 7, 1950.*

*Arnold C. Otto* of Milwaukee, for the appellant.
*D. J. Regan* of Milwaukee, for the respondents.

BROWN, J.   It is obvious that the plaintiff has made two separate appeals and that the single undertaking in form and intent is security for costs only as to the appeal from the judgment.   Therefore, the appeal from the order has not been perfected as required by sec. 274.11 (3), Stats., and it must be dismissed.   See *Goerlinger v. Juetten* (1941), 237 Wis. 543, 297 N. W. 361.

The appeal from the judgment confines us to the record as brought to us without a bill of exceptions.   It consists of the pleadings, plaintiff's requests for instructions to the jury, the charge to the jury, the special verdict, the judgment, and the motions after judgment.

The questions posed by the special verdict are within the issues raised by the pleadings and the judgment is in accord with the answers of the jury to those questions.   Whether the charge to the jury was adequate and whether the special verdict is sustained by the evidence cannot be determined unless we know what the evidence was.   For lack of a bill of exceptions we do not know.   It is impossible for us, therefore,

to discover error and in the absence of error the judgment must be affirmed.

Respondent says the appeals are frivolous and has asked for double costs as allowed by sec. 251.23 (3), Stats. The matter of costs is discretionary and we have determined to allow them as normally taxed under sec. 251.23 (1). Because the costs undertaking is not concerned with the appeal from the order, the clerk will apportion one tenth of the joint costs to the appeal from the order and nine tenths to the appeal from the judgment.

*By the Court.*—Judgment and order affirmed.